UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA LONG,<br><br>          Plaintiff,<br><br>    v.<br><br>LUSH COSMETICS, LLC,<br><br>          Defendant. | Case No.  23-cv-04268-JSC<br><br>**ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION**<br><br>Re: Dkt. No. 1 |

In the operative complaint, Victoria Long brings claims against Lush Cosmetics, LLC (Lush). (Dkt. No. 1.)[1] Lush asserts federal subject matter jurisdiction based on diversity. (*Id.* ¶¶ 5-6.) Ms. Long is domiciled in California. (*Id.* ¶ 8.) The complaint alleges Lush is "a limited liability company incorporated and existing under the laws of the State of Delaware" that "does not maintain a principal place of business in California." (*Id.* ¶¶ 10-11.)

Because "an LLC is a citizen of every state of which its owners/members are citizens," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), Lush's state of incorporation and principal place of business are irrelevant to the question of diversity jurisdiction. Therefore, Lush's notice of removal does not properly allege diversity jurisdiction. No other basis for federal subject matter jurisdiction is clear from the complaint. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161–62 (9th Cir. 2005) (explaining that, despite "inartful pleading," complaint "expressly states that resolution of its claims would require the federal court to apply the Federal Tort Claims Act, a clear indication . . . [of] federal subject-matter jurisdiction").

Accordingly, on or before September 19, 2023, Lush shall make a supplemental filing

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

setting forth the citizenship of each member of Lush.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . .  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (cleaned up)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

**IT IS SO ORDERED.**

Dated: September 5, 2023

JACQUELINE SCOTT CORLEY
United States District Judge